IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SABRINA GIBSON,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          1:22-cv-517
                                   )
THOMAS F. ROUPAS, JR. and          )
PARR INVESTMENTS, LLC,             )
                                   )
          Defendants.              )

**<u>MEMORANDUM OPINION AND ORDER</u>**

**OSTEEN, JR., District Judge**

     Before this court is Defendant Thomas F. Roupas, Jr.'s
Motion to Dismiss for Subject Matter and Failure to State a
Claim. (Doc. 10.) Additionally before this court is Defendant
Parr Investments, LLC's Motion to Dismiss, or in the Alternative,
for a More Definite Statement. (Doc. 21.) Finally before this
court is pro se Plaintiff Sabrina Gibson's Motion for a Temporary
Restraining Order. (Doc. 6.) Plaintiff requests that this court
enjoin Defendants "from any further acts of harassment,
intimidation, coercion, abuse, or retaliation against" Plaintiff.
(<u>Id.</u> at 1.)

     For the reasons provided herein, Defendants' motions to
dismiss, (Doc. 10; Doc. 21), will be granted. As such,

Plaintiff's motion for a temporary restraining order, (Doc. 6), will be denied as moot.

## I. PROCEDURAL and FACTUAL BACKGROUND

Plaintiff brings four claims under North Carolina law against Defendants: (1) libel per se, (2) libel susceptible of two interpretations, (3) intentional infliction of emotional distress, and (4) civil harassment. (Compl. (Doc. 1) at 8-13.)[1]

Plaintiff alleges that she is a Virginia resident, that Defendant Thomas F. Roupas ("Roupas") is a North Carolina resident, and that Defendant Parr Investments, LLC ("Parr Investments") is a business that operates in the Middle District of North Carolina. (See id. at 2-3.) Plaintiff also alleges that the amount in controversy exceeds the jurisdictional minimum of $75,000. (See id. at 2.)

### A. Factual Background

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020). The facts, taken in the light most favorable to Plaintiff, are as follows.

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the Court refer to the page numbers located at the bottom righthand corner of the documents as they appear on CM/ECF.

- 2 -

Plaintiff resided at 3770 Stafford Place Apartments ("Stafford Place"), which is operated by Parr Investments, until November 1, 2018. (See Compl. (Doc. 1) at 3.) She alleges that as of September 1, 2018, she had a fully-executed lease at Stafford Place. (See id.) She alleges she hired Roupas as her attorney to represent her in conjunction with a complaint she wished to file against a Stafford Place employee. (See id.) Plaintiff contends Roupas secretly had a business relationship with Parr Investments and that Roupas failed to adequately represent her. (See id. at 3-4.) Ultimately, she alleges that she was wrongfully evicted from her apartment because of her complaint. (See id.)

Plaintiff alleges that since then, she has been continuously surveilled and harassed by Defendants.[2] (See id. at 3-8.)

---

[2] At various places in her complaint, Plaintiff refers to "Defendants." It is not clear to whom she is referring. For example, Plaintiff alleges that "Defendants kept willfully entering [storage] units," (Compl. (Doc. 1) at 5), and that "Defendants and their associates took up residence at each location," (id. at 7). These allegations cannot be accurate; one of the two Defendants is a corporation and therefore cannot enter a storage unit or take up residence in an apartment complex. Under a liberal construction standard, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), this court could construe Plaintiff to be referring to the corporate Defendant's agents. However, Plaintiff's pleadings refer to "Defendants and their associates," (Compl. (Doc. 1) at 5), or "Roupas' associates," (id. at 6). "Associates" is a conclusion which could mean a variety of types of associations, some of which may be sufficient to establish liability, and some are not. It is not the duty or even within the authority of this court to speculate or make up facts.

- 3 -

She alleges that: her phone and other electronic information have been hacked; her location has been monitored and surveilled; her car has been followed; her credit and criminal background checks have been falsified; and she has received threatening phone calls at odd hours of the night. (See id. at 3–8.) Plaintiff alleges that since November 1, 2018, she has been forced to leave several apartments, live in hotels, and move to Virginia to escape Defendants' harassment. (See id.) She alleges that Roupas "has associates under his control in Virginia, North Carolina, South Carolina, and Georgia" — to the point that Defendants follow and harass her even in different states. (See id. at 5.)

### B. North Carolina Lawsuit

On June 25, 2020, Plaintiff filed a lawsuit in the District Court of Guilford County, North Carolina against Roupas for constructive fraud, breach of fiduciary duty, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and negligent infliction of emotional distress; Parr Investments was not a party to this suit. See Compl., Gibson

- 4 -

v. Roupas, No. 20 CvD 5620 (N.C. Dist. Ct. Nov. 5, 2020).[3]
Neither Plaintiff, nor any representatives on her behalf,
appeared during a virtual hearing. See Order, Gibson v. Roupas,
No. 20 CvD 5620 (N.C. Dist. Ct. Nov. 5, 2020) (granting motion to
dismiss). Plaintiff alleges that she did not appear because she
received a false phone call from the District Court informing her
that the hearing had been rescheduled. (See Compl. (Doc. 1) at 7;
(Doc. 8) at 84–86.)

The court granted the defendants' motion to dismiss for
failure to state a claim with prejudice, finding that the
plaintiff's pleadings did not support the allegations for any
claims she brought.[4] See Order, Gibson v. Roupas, No. 20 CvD 5620
(N.C. Dist. Ct. Nov. 5, 2020) ("There are no allegations in
plaintiff's Complaint that defendants engaged in any conduct or

---

[3] This court "may properly take judicial notice of [the 2020
North Carolina state court lawsuit as a] matter[] of public
record" when reviewing Plaintiff's motion. Philips v. Pitt Cnty.
Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (reviewing a Rule
12(b)(6) motion to dismiss). Indeed, "the most frequent use of
judicial notice . . . is in noticing the content of court
records." Colonial Penn Ins. v. Coil, 887 F.2d 1236, 1239-40
(4th Cir. 1989) (internal citations and quotations omitted).

[4] The legal effect, if any, of the state court's action on
the merits of Plaintiff's claims will be adduced later as
necessary. This court does find that action relevant to the
requested injunctive relief because it goes to the question of
the timeliness of Plaintiff's motion for a temporary restraining
order and to the likelihood of irreparable harm in the absence
of relief. Plaintiff waited two years to bring this action
seeking injunctive relief.

- 5 -

behaviors preventing her from getting long-term housing after the voluntary termination of her lease [on] October 31, 2018; nor are there any allegations of behavior by defendants which would amount to negligent misrepresentation, fraud, or infliction of emotional distress.").

C. **Plaintiff's Present Case**

On September 21, 2021, Plaintiff brought suit in this court against Roupas, Parr Investments, and two others. See Compl., Gibson v. Roupas, No. 1:21-cv-00741 (M.D.N.C. Sep. 23, 2021). However, Plaintiff did not serve her complaint upon the defendants. On July 8, 2022, the Magistrate Judge entered an order giving Plaintiff thirty days to submit an application to proceed in forma pauperis or to submit the filing fee. See Text Ord., Gibson v. Roupas, No. 1:21-cv-00741 (M.D.N.C. July 8, 2022). Plaintiff failed to do either. That complaint will be dismissed for failure to prosecute.

On July 5, 2022 Plaintiff brought her second action in this court against Roupas and Parr Investments. (Compl. (Doc. 1).) In addition to the complaint, Plaintiff filed a motion for a temporary restraining order, (Application for TRO (Doc. 6) at 1), along with a supporting attachment, (Doc. 7), and a supplement, (Doc. 8). The attachment includes a background check on Plaintiff. (Doc. 7.) The supplement contains several-hundred

- 6 -

pages of Plaintiff's correspondence;[5] past complaints or grievances to numerous authorities, law enforcement agencies, and bar associations; and what appear to be spliced-together emails. (Doc. 8.) Generally, the documents in the supplement do not provide factual support for Plaintiff's complaint; rather, they reference Plaintiff's correspondence and behavior after or independent of Defendants' alleged conduct. (See id.)

Parr Investments has filed a response in opposition to Plaintiff's motion for a temporary restraining order. (Doc. 23.) Plaintiff has replied. (Doc. 26.)

Additionally, Roupas has filed a motion to dismiss Plaintiff's complaint, (Doc. 10), along with a supporting brief, (Def. Thomas F. Roupas, Jr.'s Mem. of Law in Supp. of Mots. to Dismiss (Fed. R. Civ. P. 12(b)(1), (6) and 12(h)(3)) ("Roupas' Br.") (Doc. 11)). Plaintiff has responded. (Doc. 18.) Roupas has replied. (Doc. 19.)

Parr Investments has also filed a motion to dismiss Plaintiff's complaint, (Doc. 21), along with a supporting brief (Br. in Supp. of Def. Parr Investment, Inc.'s Mot. to Dismiss or, in the Alternative, for a More Definite Statement ("Parr

_____

[5] Included in Plaintiff's filings are at least two letters addressed to this court. (See (Doc. 8) at 1; (Doc. 8) at 39). This court has no recollection of receiving those letters, and the letters will not be considered in ruling upon the pending motions.

Investments' Br.") (Doc. 22)). Plaintiff has responded to Parr Investments' motion to dismiss. (Doc. 25.) Parr Investments has replied. (Doc. 27.)

## II. <u>STANDARD OF REVIEW</u>

The Supreme Court has held that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. at 94. Even so, to demonstrate likelihood of success on the merits, a plaintiff must still "plausibly suggest an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> at 678 (internal citations omitted) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, 'it stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at

- 8 -

557). When ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true. Id. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted).

Nevertheless, sufficient factual allegations must "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 500 U.S. at 555, 570; see Iqbal, 556 U.S. at 680. A court cannot "ignore a clear failure in the pleadings to allege any facts which set forth a claim." Estate of Williams-Moore, 335 F. Supp. 2d at 646. Further, the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotations omitted) (applying the Twombly standard in dismissing a pro se complaint). Consequently, even given the deferential standard allocated to pleadings at the motion to dismiss stage, a court will not accept mere legal conclusions as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678.

### III. <u>**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**</u>

Defendants argue that this court lacks subject matter jurisdiction over this action. (<u>See</u> Roupas' Br. (Doc. 11) at 6-11; Parr Investments' Br. (Doc. 22) at 8-10.) First, both Roupas and Parr Investments argue that Plaintiff is still a North Carolina citizen, so she is not diverse from Defendants; thus, the complete diversity requirement of diversity jurisdiction is not met. (<u>See</u> Roupas' Br. (Doc. 11) at 6-7; Parr Investments' Br. (Doc. 22) at 8-10.) Second, Roupas argues that Plaintiff does not meet the threshold amount in controversy requirement for diversity jurisdiction. (<u>See</u> Roupas' Br. (Doc. 11) at 6-8.)

This court finds that the parties are diverse and that the amount in controversy requirement is met, so this court retains subject matter jurisdiction over this action.

"The judicial Power of the inferior federal courts extends only so far as Article III permits and Congress chooses to confer." <u>Navy Fed. Credit Union v. LTD Fin. Servs., LP</u>, 972 F.3d 344, 352 (4th Cir. 2020). When exercising diversity jurisdiction, Article III, § 2 of the United States Constitution "permits courts to decide 'Controversies . . . between Citizens of different States[,] . . . . [b]ut Congress (so far) has declined to extend federal-diversity jurisdiction to this constitutional limit." <u>Id.</u> 28 U.S.C. § 1332 confers district

- 10 -

courts with subject matter jurisdiction over a case where there is diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1). Diversity must be "complete," meaning "that no plaintiff may share a citizenship with any defendant." Navy Fed. Credit Union, 972 F.3d at 352.

Under Fed. R. Civ. P. 12(b)(1), a plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009). A defendant may challenge subject matter jurisdiction facially or factually. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). In a facial challenge, a defendant asserts that the allegations, taken as true, are insufficient to establish subject matter jurisdiction. See id. The court then effectively affords a plaintiff "'the same procedural protection as he would receive under a Rule 12(b)(6) consideration," taking the facts as true and denying the Rule 12(b)(1) motion if the complaint "alleges sufficient facts to invoke subject matter jurisdiction." Id. (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In a factual challenge, a defendant asserts that the jurisdictional allegations are false, and the court may look beyond the complaint to resolve the disputed jurisdictional facts without

- 11 -

converting the motion to one for summary judgment. See id. at
192-93.

A.    **Complete Diversity Requirement**

Defendants challenge Plaintiff's status as a Virginia
citizen for purposes of diversity jurisdiction. (See Roupas' Br.
(Doc. 11) at 6-7; Parr Investments' Br. (Doc. 22) at 8-10.)
Specifically, Defendants raise a facial challenge, arguing that
Plaintiff's assertion of being a Virginia resident is not enough
to meet the complete diversity requirement. (See Parr
Investments' Br. (Doc. 22) at 9; see also Compl. (Doc. 1) at 2
("Plaintiff Sabrina Gibson is . . . a resident of Hampton,
Virginia . . . .").) Roupas also appears to raise a factual
challenge to diversity jurisdiction, suggesting that Plaintiff's
residence in Virginia is manufactured to create diversity
jurisdiction. (See Roupas' Br. (Doc. 11) at 7.)

"District courts have original jurisdiction over civil
actions in which the amount in controversy exceeds $75,000 and
the dispute is between citizens of different states." Kimble v.
Rajpal, 566 F. App'x 261, 262 (4th Cir. 2014). "If one defendant
is a citizen of the same state as the plaintiff, complete
diversity is nonexistent, and federal jurisdiction will not lie."
Id. (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365,
373 (1978)). "[C]omplete diversity . . . must exist at the time

- 12 -

the complaint is filed." Hardaway v. Checkers Drive-In Rests., Inc., 483 F. App'x 854, 855 (4th Cir. 2012). "Citizenship is determined by domicile, which 'requires a party's physical presence in a state coupled with an intent to remain there permanently.'" Jiuna Wang v. NYZ Mgmt. Servs., LLC, No. 3:19-cv-00642-FDW-DSC, 2020 WL 2926477, at *3 (W.D.N.C. June 3, 2020) (internal citations omitted). "An individual can only have one domicile, which is to be determined by a consideration of the totality of the circumstances, including the party's subjective intent to acquire or retain a domicile." Id.

Typically, a complaint that only alleges a party's residence, rather than her citizenship, is not sufficient to establish diversity jurisdiction. See Blair v. Hampstead, 802 F.2d 451, *2 (4th Cir. 1986). Even so, this court reads a pro se litigant's filings liberally. See Erickson, 551 U.S. at 94. Plaintiff alleges that she is a resident of Virginia. (See Compl. (Doc. 1) at 2.) In addition, Plaintiff alleges that "the parties are citizens of different states." (Id.) Reading both statements together, this court finds that Plaintiff has alleged that she is a Virginia citizen.

Parr Investments further argues that Plaintiff is not a Virginia citizen because she has no intent to make Virginia her home, citing Plaintiff's statement that "Plaintiff 'told Mr.

- 13 -

Roupas that she did not want to leave the apartment.'" (Parr Investments' Br. (Doc. 22) at 9 (quoting Compl. (Doc. 1) at 7).) However, Parr Investments considers this statement without context. Plaintiff alleges that in 2018, she was forced out of her apartment at Stafford Place in Winston-Salem, North Carolina. (See Compl. (Doc. 1) at 3–4.) She alleges that she retained Roupas to represent her regarding her wrongful eviction. See id. Plaintiff's 2018 statement discussing her wrongful eviction does not speak to her state of mind or intent to remain in Virginia as of the filing of this action in 2022.

Finally, Roupas argues that Plaintiff's North Carolina state court lawsuit, see Gibson v. Roupas, No. 20 CvD 5620 (N.C. Dist. Ct. Nov. 5, 2020), precludes Plaintiff from now being a Virginia citizen for purposes of diversity jurisdiction.[6] (See Roupas' Br. (Doc. 11) at 7 ("Plaintiff cannot now claim diversity of citizenship by moving from North Carolina to Virginia after formerly litigating her claims in State court.").) However, diversity of citizenship is determined at the time a particular

_____

[6] Roupas also argues that Plaintiff's claims are precluded due to a final judgment in the 2020 North Carolina state court action, see Order (Granting Motion to Dismiss), Gibson v. Roupas, No. 20 CvD 5620 (N.C. Dist. Ct. Nov. 9, 2020), based on claim preclusion and under the Rooker-Feldman doctrine. (See Roupas' Br. (Doc. 11) at 9–11.) This court need not address these arguments here, as this court will grant Defendants' motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

- 14 -

action is filed. See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). Plaintiff's citizenship two years prior to the instant action will not preclude a finding that her citizenship has since changed.

In sum, this court finds that Plaintiff has alleged that she is a Virginia citizen as of the time this action was filed. Looking beyond Plaintiff's complaint, this court finds that Plaintiff is, in fact, a Virginia citizen. See Kerns, 585 F.3d at 192-93 ("If the defendant challenges the factual predicate of subject matter jurisdiction, 'a trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding.") (emphasis in original). Plaintiff's filings repeatedly list an address in Hampton, Virginia. (See, e.g., (Doc. 8) at 8; id. at 12; Aff. in Supp. of App. for TRO (Doc. 2) at 6.) Since Defendants have not requested an evidentiary hearing for this court to determine the factual basis for diversity jurisdiction, this court bases its factual determinations on the record before it. Although an address alone is not dispositive, considering the totality of the record before the court, including Plaintiff's allegations, notarized affidavit, and

- 15 -

correspondence, this court finds that the complete diversity requirement for subject matter jurisdiction is met.

## B.  **Amount in Controversy Requirement**

The amount in controversy requirement is also satisfied based on the face of Plaintiff's well-pleaded complaint. "The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" Choice Hotels Intern., Inc. v. Shiv Hosp., L.L.C., 491 F.3d 171, 176 (4th Cir. 2007); see also Burdick v. Teal, No. 1:02CV727, 2003 WL 1937118, at *1 (M.D.N.C. Apr. 22, 2003) ("[W]here the amount in controversy is clearly and unambiguously set forth in good faith on the face of the complaint, that amount should control."). Only if, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . [then] the suit will be dismissed." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Plaintiff's complaint requests damages in excess of $75,000. (See Compl. (Doc. 1) at 2.) Although Roupas contends that Plaintiff cannot meet the amount in controversy requirement, (see Roupas' Br. (Doc. 11) at 8), he provides little support for this claim. There is not a "legal certainty"

that Plaintiff could not recover the amount claimed, so this court finds that the amount in controversy requirement for diversity jurisdiction is met.

Because both the complete diversity and amount in controversy requirements are met for diversity jurisdiction, this court retains subject matter jurisdiction over this action.

## IV. <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Plaintiff's allegations do not state a plausible claim for relief on any of her four claims, so Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. 10; Doc. 21), will be granted on all four claims.

Defendant Parr Investments' motion, to the extent it requests a more definite statement pursuant to Fed. R. Civ. P. 12(e), (Doc. 21), will be denied. Rule 12(e) motions "are viewed with disfavor, and are rarely granted." <u>State v. Exxon Mobil Corp.</u>, 406 F. Supp. 3d 420, 479 (D. Md. 2019). "Unlike a Rule 12(b)(6) motion, which tests the legal sufficiency of a complaint, a Rule 12(e) motion for a more definite statement focuses on whether a party has enough information to frame an adequate answer." <u>Id.</u> (cleaned up). That is, a Rule 12(e) motion "strike[s] at unintelligibly rather than simple want of detail." <u>Id.</u> (internal citations omitted). This court will dismiss Plaintiff's complaint because she fails to plausibly allege her

- 17 -

claims — in other words, due to the legal sufficiency of her complaint rather than unintelligibility.

Notwithstanding this court's decision to proceed with the Fed. R. Civ. P. 12(b)(6) analysis, Plaintiff's lack of clarity is a problem with her claims. Plaintiff has filed hundreds of pages of materials, many of which appear irrelevant and entirely confusing. Moreover, they are inconsistent with and undermine her allegations.

For example, Plaintiff alleges in her complaint that "Defendants and their associates took up residence" at locations in Virginia, accessed the alarm systems, and downloaded spyware. (Compl. (Doc. 1) at 7.) She also alleges that she was seen and followed on the road. (See id. at 5–6.) However, included in the documents Plaintiff filed is a letter Plaintiff wrote to the Fredericksburg Police Department alleging that "<u>tenants</u> . . . engaged with the officers, assistant[s] and others involved" and that "two <u>tenants</u> . . . joined one of the hired persons to harass and follow me." ((Doc. 8-2) at 34–36 (emphasis added).)

Additionally, Plaintiff alleges that Roupas "sent written correspondence to Stafford Place to inquire as to the status of her complaint. Roupas further advised the apartment complex that Gibson would vacate the property on or before October 31, 2018." (Compl. (Doc. 1) at 4.) However, included in the materials

Plaintiff filed before this court is a letter from Roupas to
Stafford Place inquiring about the complaint; this letter makes
no mention of vacating the property on or before October 31,
2018. (See (Doc. 8) at 78.) Another letter Plaintiff filed
indicates that a lawyer other than Roupas was advising Plaintiff
in her plans to vacate Stafford Place on October 31, 2018. (See
(Doc. 8-1) at 30.) In a different letter, Plaintiff even mentions
a "dispute over a 2019 Lease." (See (Doc. 8-2) at 37.)

"Gordan [v. Leeke, 574 F.2d 1147 (4th Cir. 1978)] directs
district courts to construe pro se complaints liberally. It does
not require those courts to conjure up questions never squarely
presented to them." Beaudett v. City of Hampton, 775 F.2d 1274,
1278 (4th Cir. 1985). This court cannot weigh credibility or find
disputed facts at this stage of proceedings. However, neither is
this court required to parse through all of the filed documents
and act as an advocate to amend an otherwise deficient complaint.

A.   **Count One: Libel Per Se**

Plaintiff's complaint lacks "sufficient factual matter,"
even when accepted as true, to plausibly allege libel per se. See
Iqbal, 556 U.S. at 678. Even with the liberal standards with
which this court reads a pro se plaintiff's complaint, this court
cannot ignore "Twombly's requirement that a pleading contain more
than labels and conclusions," so this court will grant

- 19 -

Defendants' motion to dismiss as to Count One. See Giarratano, 521 F.3d at 304 n.5 (citations omitted).

Under North Carolina law, "the term defamation applies to the two distinct torts of libel and slander." Boyce & Isley PLLC v. Cooper, 153 N.C. App. 25, 29, 568 S.E.2d 893, 898 (2002). To establish a defamation claim (and thus, a libel claim), a plaintiff must allege four elements: (1) "the defendant made false, defamatory statements," (2) "of or concerning the plaintiff," (3) "which were published to a third person," and (4) which caused "injury to the plaintiff's reputation." Tyson v. L'Eggs Products, Inc., 84 N.C. App. 1, 10-11, 351 S.E.2d 834, 840 (1987). To determine if a document is libelous per se, a court must consider the document "viewed 'within the four corners thereof' and stripped of all innuendo and explanatory circumstances . . . ." Id. at 12, 351 S.E.2d at 841.

Plaintiff alleges that Defendants have published "false statements," "false eviction records," "false bankruptcy records," and "false criminal records" that appear on her background checks. (Compl. (Doc. 1) at 8.) As a result, she alleges that they have "subjected her to ridicule and disgrace." (Id. at 9.) Plaintiff includes copies of her background checks in support. (See (Doc. 1-2) at 3-36; see (Doc. 7).)

However, Plaintiff fails to plausibly allege libel per se because she does not set forth any facts alleging the first and fourth elements of libel per se, but merely provides conclusory statements that those elements are met.

On the first element, Plaintiff does not allege any facts demonstrating that the statements Defendants allegedly made were false. She provides conclusory allegations that Defendants published "false statements," "false eviction records," "false bankruptcy records," and "false criminal records." (Compl. (Doc. 1) at 8-9.) Relatedly, she provides no facts demonstrating that it was actually Defendants that caused these records to appear on her background check — she merely provides a conclusory allegation that Defendants did so. (See id.) Although Plaintiff provides a copy of a background check to this court in her supplement, (see Doc. 7), she does not specify which statements, if any, in the background check are false.

On the fourth element, Plaintiff does not allege any facts demonstrating injury to her reputation. "Viewed within the four corners" of the background check, this court cannot presume as a matter of law that the background check "caus[ed] injury to the [P]laintiff's reputation." See Tyson, 84 N.C. App. at 10-12, 351 S.E.2d at 840-41. A negative record on one's background check, such as an eviction or bankruptcy, may naturally be viewed in a

- 21 -

negative light; it does not necessarily follow that the negative inference will cause injury. Because Plaintiff fails to identify what information is false in the background check, Plaintiff fails to establish a plausible causal connection to any false entry and any unidentified or unspecified injury. Plaintiff has not alleged that she was denied a rental apartment, credit, or a job due to the records on her background check, merely summarily stating that she suffered injury to her reputation.

Because Plaintiff has not plausibly alleged libel per se, Defendants' motion to dismiss Count One will be granted.

### B.   Count Two: Libel Susceptible of Two Interpretations

Similarly, Plaintiff's complaint lacks "sufficient factual matter" to plausibly allege libel susceptible of two interpretations. See Iqbal, 556 U.S. at 678. This court will grant Defendants' motion to dismiss as to Count Two.

North Carolina law recognizes as libel "publications which are susceptible of two reasonable interpretations, one of which is defamatory and the other is not. . . ." Tyson, 84 N.C. App. at 11, 351 S.E.2d at 840. Plaintiff's complaint is insufficient to state a claim for libel susceptible of two interpretations because she does not sufficiently allege that the background check is susceptible of two meanings. See Pierce v. Atl. Grp., Inc., 219 N.C. App. 19, 35, 724 S.E.2d 568, 579 (2012). Plaintiff

alleges that "Defendants' false publications about Gibson are defamatory when considered with explanatory[sic] and the totality of the circumstances, including Defendants' pattern and practice of ongoing harassment and intimidation of Gibson." (Compl. (Doc. 1) at 11.)

A background check is a straightforward document that does not typically have multiple meanings to the ordinary viewer. It is not clear to this court what multiple interpretations her background check may have. A third party viewing Plaintiff's background check would not have any information about Defendants' alleged "pattern and practice of ongoing harassment and intimidation," so that context would not impact their interpretation of the background check or implicate any additional meanings to the background check. (See id.)

Further, defamation torts depend on publication to a third-party. Plaintiff has not alleged any publication of the background check to any third parties.

Thus, Plaintiff fails to plausibly allege libel susceptible of two interpretations, and Defendants' motion to dismiss will be granted as to Count Two.

## C. **Count Three: Intentional Infliction of Emotional Distress**

Plaintiff's complaint lacks "sufficient factual matter," to plausibly allege intentional infliction of emotional distress. See Iqbal, 556 U.S. at 678. This court will grant Defendants' motion to dismiss as to Count Three.

To allege intentional infliction of emotional distress ("IIED"), a plaintiff must allege that: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant intended to and, did in fact, cause; (3) severe emotional distress. See Waddle v. Sparks, 331 N.C. 73, 82-83, 414 S.E.2d 22, 27 (1992). Severe emotional distress is defined as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Holloway v. Wachovia Bank & Trust Co., N.A., 339 N.C. 338, 354-55, 452 S.E.2d 233, 243 (1994); see also Soderlund v. Kuch, 143 N.C. App. 361, 368, 546 S.E.2d 632, 636 (2001) (explaining that an actual diagnosis by a medical professional is not necessarily required to establish the severe emotional distress element, so long as the "emotional distress could have been generally recognized and diagnosed . . . by a medical professional").

However, Plaintiff's allegations are too conclusory as to the third element of IIED, severe emotional distress. Plaintiff merely alleges that she "has suffered severe emotional distress." (Compl. (Doc. 1) at 12.) This statement is a "[t]hreadbare recital[] of the elements of a cause of action." Iqbal, 556 U.S. at 678. Plaintiff does not allege any facts demonstrating that she has actually suffered emotional distress or the nature of that emotional distress, such as symptoms, a diagnosis, or appointments with a mental health provider. A conclusory allegation, without any facts, is not enough to plausibly allege a claim for relief. See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Thus, Defendants' motion to dismiss Count Three will be granted.

### D. Count Four: Civil Harassment/Intimidation

Finally, Plaintiff brings a civil harassment or intimidation claim. However, Plaintiff does not cite any statute or law in support of her claim. Even so, this court reads Plaintiff's complaint liberally, see Erickson, 551 U.S. at 94, to include a stalking claim pursuant to N.C. Gen. Stat. § 50C-5. Nonetheless, Plaintiff's stalking claim also fails for lack of "sufficient factual matter" to plausibly allege a civil stalking claim. See Iqbal, 556 U.S. at 678. This court will grant Defendants' motion to dismiss as to Count Four.

Stalking is "[o]n more than one occasion, following or otherwise harassing . . . another person without legal purpose," N.C. Gen. Stat. § 50C-1(6), where harassing behavior consists of "[k]nowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3A(b)(2); accord Hayes v. Butler, No. 5:17-CV-309-D, 2017 WL 3973036, at *5 (E.D.N.C. Sept. 8, 2017). Additionally, the defendant must have the intent to either "place the person in reasonable fear either for the person's safety or the safety of the person's immediate family or close personal associates" or "cause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and that in fact causes that person substantial emotional distress." N.C. Gen. Stat. § 50C-1(6); accord Hayes, 2017 WL 3973036, at *5. A plaintiff's remedy is a temporary or permanent civil no-contact order. N.C. Gen. Stat. § 50C-5.

In Hayes v. Butler, a pro se plaintiff sought a civil no-contact order against Bill Butler, a Deputy U.S. Marshal, when Butler attempted to serve her with a court order and conduct a preliminary investigation related to a threat the plaintiff made against the Clerk of Court for the Eastern District of North Carolina. Hayes, 2017 WL 3973036, at *1-2. The plaintiff alleged

that: "[her] home [was] illegally under surveillance along with technical devices"; Butler contacted the plaintiff "numerous times a day and left messages with accusatory and aggressive communication"; Butler "showed up knocking aggressively and . . . had a folder in his hand but didn't have papers to deliver"; and Butler "misrepresented the reason he was at [plaintiff's] home to Cary Police officer," so the "Cary Police Department has false statement on a report now due to Bill Butler's errors." Id. at *2 (quoting the plaintiff's complaint).

Although the Hayes court ultimately dismissed the plaintiff's complaint for lack of subject matter jurisdiction, it also found that the plaintiff did not plausibly allege a civil stalking or harassment claim under the Rule 12(b)(6) motion to dismiss standard. Id. at *3-5. The court explained:

> Hayes alleges only that Butler contacted her multiple times, by phone and email, in an accusatory and aggressive manner. Hayes only described one instance where Butler stood outside her residence with a folder in his hand. Hayes does not plausibly allege that Butler's alleged actions "torment[ed], terrorize[d], or terrifie[d]" Hayes as required . . . .

Id. at *5.

Here too Plaintiff fails to plausibly allege a civil stalking or harassment claim due to a lack of "sufficient factual matter." See Iqbal, 556 U.S. at 678. Like Hayes, Plaintiff alleges to have been surveilled or hacked. (See Compl. (Doc. 1)

- 27 -

at 5, 6.) Plaintiff also alleges that she was followed by Roupas'
associates while driving on the highway on one instance. (See id.
at 5-6.) However, Plaintiff's allegations concerning being
followed are overall wholly inconsistent. She alleges that she
was followed by a black truck with a heavy tint, which would
suggest that she could not know who was driving the truck. (See
Compl. (Doc. 1) at 5-6). She further claims that "it was shown to
[her] . . . not to call the 'STATE POLICE' and not to report [her
harassment.] [She] was literally show[n] this by subliminal
actions by one of the participants who took part in following
[her]," which appears altogether implausible to this court. (See
(Doc. 8-2) at 29 (emphasis added).) Finally, like the phone calls
and emails in Hayes, Plaintiff alleges that she has received
"numerous calls at odd hours." (See Compl. (Doc. 1) at 8.)

Even so, the Hayes court concluded that the plaintiff had
not "plausibly allege[d] that Butler's alleged actions
'tormented, terrorized, or terrified . . . .'" the plaintiff.
Hayes, 2017 WL 3973036, at *5 (cleaned up). Like in Hayes, this
court finds that Plaintiff also fails to plausibly allege that
Defendants' alleged actions "tormented, terrorized, or terrified"
her. See id.

Further, Plaintiff does not allege any specific intent on
the part of the Defendants, as required by statute. See N.C. Gen.

Stat. § 50C-1(6) (A defendant must intend to either "[p]lace the person in reasonable fear either for the person's safety or the safety of the person's immediate family or close personal associates" or "[c]ause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and that in fact causes that person substantial emotional distress.")

Thus, because Plaintiff does not allege that Defendants' alleged actions "tormented, terrorized, or terrified her" and because Plaintiff does not allege the requisite intent on the part of Defendants, Plaintiff does not plausibly allege a civil stalking claim warranting a no-contact order under N.C. Gen. Stat. § 50C-1(6).

In sum, Plaintiff has not stated a plausible claim for relief on any of her four claims; Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. 10; Doc. 21), will be granted. Nonetheless, this court will grant Plaintiff thirty days to amend her complaint to cure any deficiencies should she choose to do so. See Britt v. DeJoy, 45 F.4th 790, 796 (4th Cir. 2022).

## V.  CONCLUSION

For the reasons stated herein,

**IT IS THEREFORE ORDERED** that Defendant Thomas F. Roupas, Jr.'s Motion to Dismiss, (Doc. 10), is **GRANTED.**

- 29 -

**IT IS FURTHER ORDERED** that Defendant Parr Investments, LLC's Motion to Dismiss, (Doc. 21), is **GRANTED IN PART AND DENIED IN PART**. To the extent that Defendant Parr Investments, LLC requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6), Defendant's Motion to Dismiss, (Doc. 21), is **GRANTED**. To the extent that Defendant Parr Investments, LLC requests a more definite statement pursuant to Fed. R. Civ. P. 12(e), Defendant's Motion to Dismiss, (Doc. 21), is **DENIED**.

**IT IS FURTHER ORDERED** that Counts One, Two, Three, and Four, (Doc. 1), are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, (Doc. 6), is **DENIED AS MOOT**.

This Order and entry of Judgement are hereby **STAYED** for thirty days to permit Plaintiff an opportunity to amend the complaint. Should Plaintiff choose to amend, Plaintiff is advised that Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and must contain sufficient facts to state a plausible claim for relief, see Iqbal, 556 U.S. at 681.

This the 9th day of February, 2023.

_____
United States District Judge

- 30 -